JASPER SHARABBA, BY HIS NEXT FRIEND, PLAINTIFF, v. THOMAS McGUIRE AND JAMES McGUIRE, DEFENDANTS.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Carey & Lane.*

*Contra, Quinn, Parsons & Doremus.*

PER CURIAM.

This case is before this court on a defendants' rule to show cause. The plaintiff, Jasper Sharabba, a boy of fifteen years of age, recovered a judgment for damages for personal injuries against Thomas McGuire, one of two defendants, for the sum of $10,000. On August 4th, 1924, when the plaintiff was eleven years of age he was engaged in delivering milk from a truck of Thomas McGuire. The milk business was owned by Thomas McGuire. His son, James McGuire, was with the plaintiff at the time of the accident. The plaintiff would stand upon the running-board of the truck. As the truck would reach a point where milk was to be delivered, James McGuire, who was driving· the truck would stop and the plaintiff would jump off, deliver the milk, and meet James McGuire, who would in turn stop at the next house where milk was to be delivered and deliver the milk. James McGuire, on the day of the accident, according to the testimony of the plaintiff who was on the running-board, threw his brakes on sharply, jerking the car, and throwing the plaintiff underneath the rear wheel. The result was that the plaintiff's right foot was severely injured. He went to a hospital. He submitted to three operations. The injury is permanent. The foot is three-fourths of an inch shorter than a normal foot. For the reason that the foot cannot be placed level upon the ground, the plaintiff is obliged to walk upon the bones of the foot with no assistance from the toes. The effect of the injury will increase as the plaintiff matures.

The defense was that Thomas McGuire did not employ the plaintiff. Thomas McGuire had made statements which

contradicted this evidence. The trial judge left the relation of the plaintiff to Thomas McGuire to the jury for determination. The result, as stated, was a verdict for the plaintiff.

The defendant contends that the verdict is against the clear weight of the evidence. Thomas McGuire admitted that he was the owner of the Middletown Dairies, and that James McGuire was one of his drivers. While Thomas McGuire testified that he never hired any boys and that none of the boys that were produced at the trial as having been hired by him, had ever worked for him, there was evidence that he had told the plaintiff's father that the plaintiff was a good worker. There is no question but that the plaintiff was actually on the truck delivering milk. It would seem unlikely that a boy would be doing this work gratuitously. Thomas McGuire admitted that he had seen the face of one of the boys, Frank Donato, and that he might have been around with one of his drivers. This boy testified that he cleaned bottles and was paid money for his work about the dairy. He testified to other boys being there. One witness testified that he was present when the plaintiff was paid $2. We do not feel that upon this testimony the verdict is against the weight of the evidence.

The defendant contends that there should have been a nonsuit and relies on two cases in this court. *Glowacky* v. *Sheffield Farms,* 4 *N. J. Mis. R.* 849, and *Kelleher* v. *Bordens' Condensed Milk Co.,* 3 *N. J. Mis. R.* 523. In the latter case the nonsuit, because of exceeding authority, was voluntary, and in the former case it was unchallenged that the driver acted in defiance of orders and that the company knew nothing of the circumstances. In the present case there was considerable proof of knowledge and acquiescence on the part of the defendant. This justified the submission of the question of relationship to the jury, and also justified the refusal of the court to nonsuit.

The amount of the verdict seems to us to be reasonable. We do not consider that, in the case of a boy of eleven years of age who has had to undergo the pain and suffering and the operations which this boy has gone through, and whose injury is permanent and will become more troublesome as he grows

older, $10,000 is an excessive verdict. The medical testimony supports a verdict of this amount.

The defendant makes the further contention that as no verdict was rendered either for or against James McGuire, the driver, the verdict against Thomas McGuire should be set aside as against the weight of the evidence. In several cases where the same argument has been advanced it has been held that this contention is without merit. The verdict is regarded as no finding against the servant. The verdict against the master will not be disturbed on this ground. *Dunbaden* v. *Castles Ice Cream Co.,* 103 *N. J. L.* 427.

The rule to show cause is discharged.